UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROPER,<br><br>    Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>    Defendant. | Case No. 2:25-cv-02623-SB-BFM<br><br>ORDER TO SHOW CAUSE RE DISMISSAL |

   Plaintiff William Roper, a self-represented litigant, has filed this wrongful death action on behalf of his mother's estate, accusing Defendant Kaiser Foundation Health Plan, Inc. of medical malpractice. Plaintiff is ordered to show cause why this case should not be dismissed for two independent reasons.

   First, Plaintiff has not established that he has the right to sue on behalf of his mother's estate. Although individuals "may plead and conduct their own cases personally" in federal court, they are not permitted to represent others. 28 U.S.C. § 1654; *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). This legal principle was previously explained to Plaintiff. *Price v. Kaiser Found. Health Plan Inc.*, No. 24-CV-10517-PA, 2025 WL 359003, at *1 (C.D. Cal. Jan. 31, 2025) ("Because Roper may not pursue [his mother's] claims on behalf of the estate pro se, the Court orders him to show cause in writing why this action should not be dismissed without prejudice."). The complaint's cursory allegation that Plaintiff is the "duly appointed representative and beneficiary" of his mother's estate does not adequately show that he may properly prosecute this action. Dkt. No. 1 at 2; *see Huberty v. Internal Revenue Serv.*, No. 2:22-CV-827, 2023 WL 36164, at *4 (E.D. Cal. Jan. 4, 2023) ("[A]n administrator proceeding pro se must demonstrate that they are the sole beneficiary of the estate and that there are no other beneficiaries

1

or creditors to pursue a claim on behalf of an estate."). Accordingly, Plaintiff is ordered to show cause in writing, by no later than July 28, 2025, why his claims should not be dismissed without prejudice. In the alternative, Plaintiff may file a notice of appearance from a licensed attorney by that date. Failure to timely respond to this order to show cause shall result in the dismissal of this case without further warning.

Second, Plaintiff has failed to timely file proof of service of the summons and complaint. The complaint was filed on March 26, 2025. More than 90 days have passed, and Plaintiff has not filed proof of service. Plaintiff is ordered to show cause in writing, no later than July 28, 2025, why this action should not be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 4(m) (setting 90-day time limit for service). In the alternative, Plaintiff may file proof of service showing that Defendant was properly served within the 90-day period or a showing of good cause supporting a request to extend the service period. Failure to timely respond to this order to show cause shall result in the dismissal of this case without further warning.

Date: July 3, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge